# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

ABEL SANDOVAL MENDEZ, )
)
Petitioner, )
v. )                     No. 26-03165-CV-S-BP
)
TODD LYONS, in his official capacity as )
Field Office Director of the Immigration and )
Customs Enforcement and Removal Operations )
Kansas City Field Office, *et al*. )
)
Respondents. )

## ORDER (1) DIRECTING PETITIONER TO FILE AN AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND (2) ESTABLISHING A BRIEFING SCHEDULE

On March 17, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. Respondents responded to the Petition and Petitioner filed a Traverse. However, an intervening decision from the Court of Appeals and the parties' arguments persuade the Court that an Amended Petition should be filed and a new briefing schedule should be established.

Petitioner alleges he is a citizen of Mexico who entered the United States without inspection in 2007 and has remained in the country ever since. (Doc. 1, ¶¶ 1-2.) At some point he filed an application for cancellation of removal; a final hearing was scheduled approximately three years ago, but it was postponed and has not been held. (Doc. 1, ¶¶ 4, 25.) In the meantime, he has attended all hearings he has been required to attend. (Doc. 1, ¶¶ 5, 25.)

In February 2026, Petitioner was pulled over for speeding; he was then turned over to the custody of Immigration and Custom Enforcement ("ICE"), (Doc. 1, ¶ 26), and has been detained since then. He has not been considered for release on bond because the Department of Homeland Security and the Executive Office for Immigration Review take the position that Petitioner's detention is mandatory and bond is categorically not permitted. This prompted Petitioner to seek

habeas relief.  In Count I of his Petition, he argues that the refusal to consider him for bond violates 8 U.S.C. § 1226.  In Count II, he argues his detention violates the Due Process provisions of the Fifth Amendment.[1]

After the Court directed Respondents to show cause why the Petitioner's request for relief should not be granted—but before Respondents could comply—the Eighth Circuit Court of Appeals issued its decision in *Avila v. Bond*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).  In that decision, the Court of Appeals held that 8 U.S.C. § 1225, and not § 1226, applies to a person in Petitioner's situation.  This is significant because § 1225 provides that unless an immigration officer determines the alien is "clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under" § 1229.  8 U.S.C. § 1225(b)(2)(A).  Petitioner concedes *Avila* resolves Count I against him.  (Doc. 7, p. 1.)

This leaves Count II, the Due Process challenge.  Respondents address it in their response, and Petitioner addresses it in his Traverse.  However, the arguments the parties have raised demonstrate that (1) the scope of Petitioner's claim in Count II is not clear and (2) further briefing would be helpful to the Court.

The only operative paragraph in Count II states:

> Respondents' actions violate substantive and procedural due process under the Fifth Amendment, including by effectuating a warrantless arrest absent exigency, failing to provide a prompt neutral determination of probable cause for detention, and continuing detention without adequate process or lawful basis.

(Doc. 1, ¶ 37.)  Count II thus mentions both substantive and procedural due process but the contours of his claim are not clear.  Moreover, in his Traverse he refers to a "facial challenge to § 1225," (Doc. 7, p. 2), but such a constitutional challenge is not apparent.  Petitioner's Traverse also suggests the analysis is affected by (1) his release on bond in 2011 and (2) the fact that he did

---

[1] Counts III and IV are not legal claims for relief and need not be discussed here.

not violate the conditions of his bond, (Doc. 7, p. 5),[2] but it is not clear that the Petition raises a claim based on these facts.

These difficulties may be caused not only by the changed circumstances resulting from the timing of the Eighth Circuit's decision in *Avila*, but also because a Petition is a poor vehicle for presenting legal arguments and analysis (which makes it difficult for Respondents to address Petitioner's legal theories). Therefore, Petitioner is directed to file an Amended Petition that clarifies his Due Process claims. With the Amended Petition, Petitioner shall also file a separate Memorandum of Law that explains the legal basis for his requested relief. Respondents will be required to respond to the Amended Petition and the Memorandum of Law, and Petitioner will be afforded an opportunity to file a Traverse.

In discussing the legal issues, the parties are directed to, at a minimum, address the following matters:

1. If Petitioner asserts § 1225's mandatory detention provision is unconstitutional on its face, does 8 U.S.C. § 1252(e)(3) deprive the Court of jurisdiction to hear the claim?

2. To the extent that Petitioner's claim depends on a distinction between (a) denying bond at the outset and (b) revoking bond that has been approved, Petitioner must discuss those claims/theories separately. Similarly, if these distinct arguments are raised, Respondents must address them separately.

3. Petitioner must further explain why the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003), is not instructive. In his Traverse, Petitioner identifies several distinctions between *Demore* and the present case, some of which arise from the fact that *Demore* involved mandatory detention provisions in § 1226 and this case involves mandatory

---

[2] While it might be inferable from the Petition, it never alleges Petitioner was released on bond.

3

detention provisions in § 1225. Still, *Demore* does not appear to base its rationale on the specific circumstances of § 1226 and the differences Petitioner identifies do not appear to be legally important to *Demore*'s rationale or holding (or, at least, Petitioner needs to explain why they are).

4. In addition to *Demore*, the parties should address the Eighth Circuit's decision in *Banye v. Garland*, 115 F.4th 928 (8th Cir. 2024), which discusses *Demore* at length and seems to address some of the issues the parties have raised, particularly with respect to Petitioner's effort to distinguish *Demore*.

The Court does not intend to limit the parties' arguments; it only directs that, at a minimum, these issues be addressed.

In the interest of expediency, the Court will not require the parties to confer and propose deadlines for their filings; instead, the Court will set deadlines and express that it will be amenable to requests for extension of time given that it is acting unilaterally. Petitioner shall file his Amended Petition and Memorandum of Law within fourteen days. Respondents shall have fourteen days after that to respond, and Petitioner shall have fourteen days thereafter to file a Traverse.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
**DATE**: April 1, 2026          UNITED STATES DISTRICT COURT

4